```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

CHAUNCEY MORRIS,

     PLAINTIFF
                                    12 Civ 7219 (SAS)(MHD)
     vs                             FIRST AMENDED COMPLAINT
                                    [JURY TRIAL]

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE OFFICERS
"JOHN DOES", in their
individual and official
capacities, NEW YORK CITY
POLICE OFFICER "JOE"
MALDONADO, Shield # 950,
in his individual and
Official capacities,

     DEFENDANTS
_____
```

## I.   INTRODUCTION

1. This is a litigation which arises out of the Plaintiff's stop and detention and custodial arrest on Monday, September 17, 2012 at or about 10:00 A.M. on Broadway in the vicinity of the up-town # 4 train entrance across the street from Trinity Church and the Plaintiff's custodial detention at One Police Plaza until at or about 5:00 P.M. when his arrest was voided and the Plaintiff was released from his detention and allowed to leave.

2.   This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York.

3.   The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff

secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

4.  Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5.  The Plaintiff requests that the Court invoke pendent claim and pendent party jurisdiction.  The State law claims derive from the same occurrence and transaction which gives rise to the federal law claims and they have a common nucleus of operative fact with the federally based claims.

6.  The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

8.  Venue of this Court is properly invoked as the actions and conduct complained of herein took place within the geographic boundaries of the jurisdiction of this Court and, in addition, the Defendants have offices for doing business within the geographic boundaries of the jurisdiction of this Court.

9.  To the extent that there are prerequisites for the filing and pursuit of the pendent State law claims, the Plaintiff has met those conditions.

III. THE PARTIES

10.   The Plaintiff is an African American citizen of Cuban descent and resident of the City of New York, the County of Kings, and the State of New York.

11.   The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which, under the enabling law of the State of New York, has, among other powers, the power to maintain a police department for the purpose of enforcing the laws of the State of New York and providing for the safety of those individuals who live and/or traverse within the boundaries of the City of New York.

12.   Defendants "John Does" and "Joe" Maldonado, Shield # 950, are New York City Police Officers and agents and employees of the City of New York.  Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and as guaranteed under the laws and Constitution of the State of New York,  they were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

IV. ALLEGATIONS

13.   This is a litigation which arises out of the Plaintiff's stop and detention and custodial arrest on Monday, September 17, 2012 at or about 10:00 A.M. on Broadway in the vicinity of the up-town # 4 train entrance across the street from Trinity Church and the Plaintiff's custodial detention at One Police Plaza until at or about 5:00 P.M. when his arrest was voided and the Plaintiff was released from his detention and allowed to leave.

14.   The Plaintiff, who is an African American citizen of Cuban descent and resident of the City of New York, County of Kings, State of New York, is twenty nine [29] years of age.

15. The Plaintiff is of African American and Cuban background.

16. The Plaintiff's birth date is March 22, 1983.

17. The Plaintiff is single.

18. The Plaintiff has no children.

19. The Plaintiff presently reside sat 1297 Park Place-1st Floor, Brooklyn, New York 11213.

20. The Plaintiff resides at the afore-location by himself.

21. The building, in which the Plaintiff resides, is owned by his step father.

22. The Plaintiff provides up-keep for the building and its environs.

23. The Plaintiff was born in the Bronx, New York.

24. The Plaintiff grew up in East Rutherford and Hackensack New Jersey and graduated in 2002 from Hackensack High School.

25. The Plaintiff enlisted in the Navy in 2002.

26. The Plaintiff was designated as E-1 Seaman.

27. The Plaintiff was deployed over-seas in Japan and participated in the Iraq enterprise known as Enduring Freedom.

28. The Plaintiff was discharged, with honors, from the Navy in June, 2006.

29. The Plaintiff was an E-3 Seaman at the time of his discharge.

30. The Plaintiff has been employed in various positions since his discharge from the Navy in 2006.

31. The Plaintiff attended a technical college in Atlanta, Georgia for approximately three years although he did not receive a degree.

32. At present the Plaintiff attends the Technical College Institute in Manhattan.

33. In or about March, 2012, the Plaintiff became involved in an Occupied Wall Street activity associated with the national movement that arose out of the Trayvon Martin shooting and death in Florida.

34. Prior thereto, the Plaintiff had not participated in any Occupy Wall Street activity.

35. This is a litigation which arises out of the Plaintiff's stop and detention and custodial arrest on Monday, September 17, 2012 at or about 10:00 A.M. on Broadway in the vicinity of the up-town # 4 train entrance across the street from Trinity Church and the Plaintiff's custodial detention at One Police Plaza until at or about 5:00 P.M. when his arrest was voided and the Plaintiff was released from his detention and allowed to leave.

36. The Plaintiff arrived in the vicinity of the location where he was arrested shortly before he was arrested.

37. The Plaintiff observed people who appeared to be part of the Occupy Wall Street activity that was then on going in that vicinity and where he observed New York City police officers, then situated in the vicinity, begin a police action.

38. As a consequence, people began running.

39. The Plaintiff, not knowing what was then transpiring, began to move away from the location.

40. The Plaintiff anticipated going to a fast food establishment when, out of nowhere, two white male New York City police officers, whose names are presently unknown, physically engaged the  and caused him to be stopped and detained.

41. The Plaintiff was rear handcuffed and taken into custody.

    42.  The Plaintiff was placed in a New York City Police Department vehicle and transported, with others, to One Police Plaza.

    43.  At One Police Plaza the Plaintiff was detained in custody.

    44.  The Plaintiff was processed.

    45.  The Plaintiff had never previously been arrest.

    46.  At or about 5:00 P.M., the Plaintiff was informed that his arrest had been voided and the Plaintiff was released.

    47.  At the time that the Plaintiff was stopped and detained and arrested (as described) he was not interfering with the pedestrian and vehicular traffic that was traversing in the location where the Plaintiff was then situated and when he was leaving the location in order to go to a fast food establishment.

    48.  The Plaintiff did not appear at an arraignment.

    49.  The Plaintiff was not directed, when released, to appear on any date at any court; and the Plaintiff did not receive a Summons or a Desk Appearance Ticket.

    50.  The Plaintiff was simply freed from his detention and custody and allowed to leave.

    51.  There was no basis for the stop and detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York.

    52.  There was no basis, in fact or law, to frisk search the Plaintiff and to handcuff the Plaintiff.

    53.  There was no basis, in fact or law, to take the Plaintiff into custody and to detain and imprison him at a One Police Plaza detention facility

    54.  There was no basis, in fact or law, to arrest the Plaintiff.

    55.  There was no basis, in fact or law, for the use of any force employed by the police officers in stopping and

detaining and arresting the Plaintiff including his handcuffing associated therewith.

    56.  The use of force was in all respects unreasonable, unnecessary, and excessive.

    57.  While the actions and conduct of the New York City police officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City police officers and as agents and employees of the City of New York which is a municipal entity created under the laws and Constitution of the State of New York and empowered, among other things, to provide for a police department to provide for the safety of those who traverse within the boundaries of the City of New York.

    58.  There was no probable cause for the arrest of the Plaintiff.

    59.  The Plaintiff was unreasonably stopped and detained and the Plaintiff was falsely arrested.

    60.  The Plaintiff was subjected to assault and battery and excessive force, including his handcuffing.

    61.  The Plaintiff was otherwise subjected to an unlawful invasion of his privacy.

    62.  It is believed, moreover, that the Plaintiff was arrested because of his exercise of his First Amendment guaranteed rights of association with the Occupy Wall Street movement and further because of his First Amendment guaranteed right of reasonable petition and protest; and/or because of his perceived exercise of his association with the Occupy Wall Street activity.

    63.  It is believed that the actions and conduct herein described were propelled by crime offense enforcement initiatives of the City of New York which initiatives are grounded in the philosophy of the "ends justifies the means".

    64.  It is believed that such crime offense enforcement initiatives propel officers to seek out arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest

statistics and/or to otherwise make examples of individuals in the hope that such would act as a deterrence to others who are engaging in non criminal First Amendment speech protected activity.

65. Moreover, it is believed that New York City Police Officers are under pressure to meet quotas respecting stops, detentions and arrests as part of the afore-described crime offense enforcement initiatives.

66. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

67. The actions, conduct, policies and practices, and custom violated the Plaintiff's rights under the laws and Constitution of the State of New York including an unlawful stop and detention, false arrest, excessive, unnecessary, and unreasonable detention, and unreasonable and unnecessary and excessive terms and conditions of his stop, detention, and custodial arrest, excessive and unnecessary, and unreasonable force, and the violation of the Plaintiff's rights, as guaranteed under the State Constitution, to association and the free exercise of speech.

68. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

69. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma and including physical pain and suffering.

70. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

71. The Plaintiff has no other adequate remedy at law but for the institution of this litigation.

## V. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION

72. The Plaintiff reiterates Paragraph #'s 1 through 71 and incorporates such by reference herein.

73. The Plaintiff was unlawfully stopped and detained and excessively held in custody and falsely arrested and searched in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

74. The Plaintiff suffered injuries and damages.

### B. SECOND CAUSE OF ACTION

75. The Plaintiff reiterates Paragraph #'s 1 through 74 and incorporates such by reference herein.

76. The Plaintiff was unlawfully stopped and detained and excessively detained and falsely arrested and searched in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

77. The Plaintiff suffered injuries and damages.

### C. THIRD CAUSE OF ACTION

78. The Plaintiff reiterates Paragraph #'s 1 through 77 and incorporates such by reference herein.

79. The Plaintiff was excessively detained and falsely arrested in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

80. The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

81. The Plaintiff reiterates Paragraph #'s 1 through 80 and incorporates such by reference herein.

82. The Plaintiff was excessively detained and falsely arrested in violation of his rights as guaranteed under the laws and Constitution of the State of New York.

83.   The Plaintiff suffered injuries and damages.

### E.   FIFTH CAUSE OF ACTION

84.   The Plaintiff reiterates Paragraph #'s 1 through 83 and incorporates such by reference herein.

85.   The Plaintiff was subjected to unreasonable, unnecessary, and excessive force in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

86.   The Plaintiff suffered injuries and damages.

### F.   SIXTH CAUSE OF ACTION

87.   The Plaintiff reiterates Paragraph #'s 1 through 86 and incorporates such by reference herein.

88.   The Plaintiff was assaulted and battered and subjected to unnecessary, unreasonable and excessive force in violation of rights guaranteed to the Plaintiff under the laws and Constitution of the State of New York.

89.   The Plaintiff suffered injuries and damages.

### G.   SEVENTH CAUSE OF ACTION

90.   The Plaintiff reiterates Paragraph #'s 1 through 89 and incorporates such by reference herein.

91.   The Plaintiff was subjected to a search in violation of rights guaranteed to the Plaintiff under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

92.   The Plaintiff suffered injuries and damages.

### H.   EIGHTH CAUSE OF ACTION

93.   The Plaintiff reiterates Paragraph #'s 1 through 92 and incorporates such by reference herein.

94.  The Plaintiff was subjected to a search in violation of rights guaranteed to the Plaintiff under the laws and Constitution of the State of New York.

95.  The Plaintiff suffered injuries and damages.

### I.   NINTH CAUSE OF ACTION

96.  The Plaintiff reiterates Paragraph #'s 1 through 95 and incorporates such by reference herein.

97.  The Plaintiff was subjected to the actions and conduct herein challenged because of his association with the Occupy Wall Street activities in violation of her rights of free speech and association as guaranteed under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983; and/or his perceived association with the activities of Occupy Wall Street.

98.  The Plaintiff suffered injuries and damages.

### J.   TENTH CAUSE OF ACTION

99.  The Plaintiff reiterates Paragraph #'s 1 through 98 and incorporates such by reference herein.

100.  The Plaintiff was subjected to the actions and conduct herein challenged because of his association with the Occupy Wall Street activities in violation of his rights of free speech and association as guaranteed under the laws and Constitution of the State of New York; and/or his perceived association with the Occupation Wall Street activities.

101.  The Plaintiff suffered injuries and damages.

### K.   ELEVENTH CAUSE OF ACTION

102.  The Plaintiff reiterates Paragraph #'s 1 through 101 and incorporates such by reference herein.

103.  The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the First, Fourth and Fourteenth Amendments to

11

the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

   104.   The Plaintiff suffered injuries and damages.

### L.   TWELFTH CAUSE OF ACTION

   105.   The Plaintiff reiterates Paragraph #'s 1 through 104 and incorporates such by reference herein.

   106.   The actions and conduct and policies, practices and customs herein were negligent and otherwise violative of the Plaintiff's rights under the laws and Constitution of the State of New York.

   107.   The Plaintiff suffered injuries and damages.

### M.   THIRTEENTHG CAUSE OF ACTION

   108.   The Plaintiff reiterates Paragraph #'s 1 through 107 and incorporates such by reference herein.

   109.   Pursuant to and under pendent State law and pendent State claim jurisdiction and independent of the federally based claim against the Defendant City of New York, the Defendant City of New York is responsible, under State law claims, for the actions and conduct of its Defendant Officers, as employees and agents of the Defendant City of New York, pursuant to the doctrine of <u>respondeat</u> <u>superior</u>.

   110.   The Plaintiff suffered injuries and damages.

### N.   FOURTEENTH CAUSE OF ACTION

   111.   The Plaintiff reiterates Paragraph #'s 1 through 110 and incorporates such by reference herein.

   112.   When the City of New York represents its Officers in federal civil rights litigations alleging unconstitutional actions by its officers, it is believed that it ordinarily and uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

   113.   It is believed that the Officer-employee executes a retainer indemnification and representation letter which

requires the Officer-employee, in return for indemnification, to subordinate his or her interests to the interest of his/her employer and indemnifier –the Defendant City of New York.

114. The City of New York is, under the circumstances, the real party in interest.

115. The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

116. Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

117. The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers under the federal claim jurisdiction pursuant to the doctrine of <u>respondeat</u> <u>superior</u>.

118. The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    [a] Invoke pendent party and pendent claim jurisdiction.

    [b] Award appropriate compensatory and punitive damages.

    [c] Award appropriate declaratory and injunctive relief.

    [d] Empanel a jury.

    [e] Award attorney's fees and costs.

    [f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York  
November 26, 2012

Respectfully submitted,

/s/James I. Meyerson\_\_\_  
JAMES I. MEYERSON  
64 Fulton Street @ Suite # 502  
New York, New York 10038  
[212] 226-3310  
[212] 513-1006/FAX  
jimeyerson@yahoo.com  
ATTORNEY FOR PLAINTIFF  
BY:_____

ANDREW LUCAS, ESQ.
Assistant Corporation Counsel
City of New York
Department of Law
Special Federal Litigation Division
100 Church Street-3rd Floor
New York, New York 10007
[212] 788-9776/FAX
alucas@law.nyc.gov
ATTORNEY FOR DEFENDANT CITY OF NEW YORK
BY:_____

CERTIFICATE OF SERVICE

    James I. Meyerson, Esq., attorney for the Plaintiff, certifies that on the 26th day of November, 2012, I did serve a copy of the foregoing First Amendment upon counsel for the Defendant parties by emailing such and hand delivering a copy of the same to the attorney for the Defendant City of New York as follows: Andrew Lucas, Esq., Assistant Corporation Counsel, City of New York, Department of Law, Special Federal Litigation Division, 100 Church Street-3rd Floor, New York, New York 10007

DATED: New York, New York
       November 26, 2012

                                  Respectfully submitted,

                                  /s/James I. Meyerson___
                                  JAMES I. MEYERSON
                                  64 Fulton Street-Suite # 502
                                  New York, New York 10038
                                  [212] 226-3310
                                  [212] 513-1006/FAX
                                  jimeyerson@yahoo.com
                                  ATTORNEY FOR PLAINTIFF
                                  BY:_____